System Form 149a

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
9/29/20 1:48 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN RE:

LINDA P. NGUYEN                    :    Bankruptcy Case No. 19-10845TPA
                                   :    Chapter 13
            *Debtor(s)*            :

# PLAN CONFIRMATION ORDER

*A*    It is hereby **ORDERED** that with the consent of the Debtor(s), the Chapter 13 Plan September 5, 2019, except as modified herein as checked below, is **CONFIRMED** in accord with *11 USC 1325*. On the effective date of this Order, the Chapter 13 Trustee shall pay administrative, secured and priority creditors identified in the Plan. General unsecured creditors will not receive distributions at least until the government bar date has passed and the Chapter 13 Trustee has submitted a *Notice of Intention to Pay Claims* to the Court. Confirmation of this Plan pursuant to this Order is without prejudice to reconsideration following a status conference held by the Chapter 13 Trustee to gauge the progress of Plan implementation which conference is scheduled for N/A (which may, upon agreement of the Parties, be continued from time to time *provided however* that following the 3rd continuance, the matter shall be set for hearing before the Court), following which time the Plan may be modified to the satisfaction of all Parties after notice and hearing before the Court, or the status conference may be marked closed by the Chapter 13 Trustee.

☐    **1.**    For the remainder of the Plan term, the periodic Plan payment is to be $_____ as of _____. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐    **2.**    The length of the Plan is increased to a total of ___ months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐    **3.**    Plan terms are subject to the resolution of all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐    **4**.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐    **5**.    _____ shall be paid monthly payments of $_____ beginning with the Trustee's _____ distribution and continuing for the duration of the plan term, to be applied by that creditor to its administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

X    **6.**    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: US Bank (Cl 4)

X    **7.**    Additional Terms: The Interim Plan Confirmation Order at Doc No. 32 dated October 30, 2019 and the Interim Confirmation Order dated March 18, 2020 are hereby VACATED.

*B*    **IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:**

    **1.**    **Objections to the Plan:** This Order is effective as of the date indicated below. Pursuant to *Fed.R.Bankr.P. 2002(b)(3)*, any party in interest with an objection to any provision of this Confirmation Order must file a written objection within the twenty-eight (28) day period following entry of this Order. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this Confirmed Plan. The Trustee may only disburse funds pursuant to this Confirmation Order upon expiration of the foregoing twenty-eight (28) day period.

    2.    **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

    3.    **Review of Claims Docket and Objections to Claims.** Pursuant to *LBR 3021-1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review all proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely..

    4.    **Motions or Complaints Pursuant to §§506, 507, or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507* and *522* shall be filed within ninety (90) days after the claims bar date.

    5.    **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the Plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

**C**    ***IT IS FURTHER ORDERED THAT:***

    1.    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

    2.    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

    3.    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' Counsel and Debtor*(s)* at least twenty-one (21) days prior to the change taking effect.

    4.    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016-1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

    5.    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising preconfirmation defaults in any subsequent motion to dismiss.

    6.    In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any secured claim that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: September 29, 2020  
(Effective Date)  
                                Thomas P. Agresti         **ljm**  
                                United States Bankruptcy Judge

cc: All Parties in interest to be served by Clerk in seven (7) days

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                                                           Case No. 19-10845-TPA
Linda P. Nguyen                                                                          Chapter 13

    Debtor(s)

# CERTIFICATE OF NOTICE

District/off: 0315-1                                  User: agro                                        Page 1 of 2
Date Rcvd: Sep 29, 2020                            Form ID: pdf900                              Total Noticed: 20

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+              Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 01, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Linda P. Nguyen, 470 Dale Dr., Erie, PA 16511-2202 |
| 15109156 | + | Leon P. Haller, Esq., Jill M. Wineka, Esq., 1719 N. Front Street, Harrisburg, PA 17102-2305 |
| 15109157 | + | Mohela/Dept of Ed, 633 Spirit Dr, Chesterfield, MO 63005-1243 |
| 15109162 | + | Target, C/O Financial & Retail Srvs, Mailstopn BT POB 9475, Minneapolis, MN 55440-9475 |
| 15150224 | + | U.S. Bank, National Association, Trustee for, Pennsylvania Housing Finance Agency, 211 North Front Street, Harrisburg, PA 17101-1406 |
| 15112246 | + | US Department of Education/MOHELA, 633 Spirit Dr, Chesterfield, MO 63005-1243 |
| 15109165 | + | Wakefield & Associates, 612 Gay St, Knoxville, TN 37902-1603 |
| 15109164 | + | Wakefield & Associates, Attn: Bankruptcy, Po Box 50250, Knoxville, TN 37950-0250 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Sep 30 2020 03:13:18 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| cr | + | Email/Text: blegal@phfa.org | Sep 30 2020 03:42:00 | Pennsylvania Housing Finance Agency, 211 North Front Street, Harrisburg, PA 17101-1406 |
| 15109155 | + | Email/Text: mrdiscen@discover.com | Sep 30 2020 03:38:00 | Discover Financial, Po Box 3025, New Albany, OH 43054-3025 |
| 15109153 | + | Email/Text: sbse.cio.bnc.mail@irs.gov | Sep 30 2020 03:39:00 | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346 |
| 15109159 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Sep 30 2020 03:11:31 | Portfolio Recovery, Po Box 41067, Norfolk, VA 23541 |
| 15109160 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Sep 30 2020 03:09:44 | Portfolio Recovery Associates, LLC, PO Box 12914, Norfolk, VA 23541 |
| 15109158 | + | Email/Text: blegal@phfa.org | Sep 30 2020 03:42:00 | Pa Housing Finance Agency, Po Box 8029, Harrisburg, PA 17105-8029 |
| 15109154 | + | Email/Text: RVSVCBICNOTICE1@state.pa.us | Sep 30 2020 03:41:00 | Pennsylvania Department of Revenue, Department 280946, Harrisburg, PA 17128-0001 |
| 15109161 | + | Email/Text: bnc-quantum@quantum3group.com | Sep 30 2020 03:40:00 | QUANTUM3 GROUP LLC AGNT-CREDIT CORP SOL, PO Box 788, Kirkland, WA 98083-0788 |
| 15109848 | + | Email/PDF: gecsedi@recoverycorp.com | Sep 30 2020 03:12:56 | Synchrony Bank, c/o of PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 15109163 | + | Email/Text: bncmail@w-legal.com | Sep 30 2020 03:42:00 | TD Bank USA, C/O WEINSTEIN & RILEY, PO BOX 3978, Seattle, WA 98124-3978 |
| 15142042 | | Email/PDF: EBN_AIS@AMERICANINFOSOURCE.COM | Sep 30 2020 03:09:58 | Verizon, by American InfoSource as agent, PO Box 4457, Houston, TX 77210-4457 |

TOTAL: 12

| District/off: 0315-1 | User: agro | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Sep 29, 2020 | Form ID: pdf900 | Total Noticed: 20 |

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | U.S. BANK NATIONAL ASSOCIATION, (Trustee for the P |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 01, 2020                         Signature:         /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 29, 2020 at the address(es) listed below:

**Name**          **Email Address**

Brian Nicholas
             on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION  (Trustee for the Pennsylvania Housing Finance Agency, pursuant to a Trust Indenture dated as of April 1, 1982) bnicholas@kmllawgroup.com

Jeffrey G. Herman
             on behalf of Debtor Linda P. Nguyen JeffreyHerman@Live.com sebaldhermancalendar@gmail.com;attorneyjeffreyherman@gmail.com;r59802@notify.bestcase.com

Leon P. Haller
             on behalf of Creditor Pennsylvania Housing Finance Agency lhaller@pkh.com dmaurer@pkh.com;lrynard@pkh.com;mgutshall@pkh.com

Office of the United States Trustee
             ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
             cmecf@chapter13trusteewdpa.com

TOTAL: 5